Douglas Han, WSBA # 59429
Shunt Tatavos-Gharajeh, WSBA # 59424
Dean Petitta, WSBA # 58295
**JUSTICE LAW CORPORATION**
1215 4th Ave., Ste. 1630
Seattle, Washington 98101
Telephone: (360) 207-0000
Facsimile: (818) 230-7259

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| APRIL WOODARD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CSL PLASMA INC., a Delaware corporation,<br><br>Defendant. | NO. 2:26-cv-00266-RLP<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES** |

Plaintiff April Woodard ("Plaintiff"), by their undersigned counsel, for their amended class action complaint against Defendant CSL Plasma Inc., ("Defendant"), alleges as follows:



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

## I. INTRODUCTION

1.1 Nature of Action. Defendant has engaged in wage and hour abuses against its Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; (5) failing to accrue sick leave and failing to allow the usage of paid sick leave for qualifying absences by employees; and (6) failure to pay all wages due at termination. Defendant's deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2 Plaintiff and the Class members are current and former hourly-paid or non-exempt employees of Defendant who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Personal Jurisdiction. Defendant is within the jurisdiction of this Court. Defendant does business in the State of Washington and has operations in Spokane County. Defendant is registered to conduct business in the State of



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

Washington. Defendant has obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets.

2.2 Subject Matter Jurisdiction. Defendant removed Plaintiff's Spokane County Superior Court Matter on the basis of Class Action Fairness Act. 28 U.S.C. §§ 1332, 1441, 1446, and 1543. Plaintiff cannot personally confirm the alleged facts in the removal, and it is Defendant's burden to establish subject matter jurisdiction as the removing party.

2.3 Venue. Venue is proper in the Eastern District and more specifically the Spokane Division because Defendant operates and transacts business in Spokane County. Venue is proper in the Eastern District of Washington because Defendant removed it from Spokane County Superior Court.

2.4 Governing Law. The claims asserted on behalf of Plaintiff and the Class members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

## III. PARTIES

3.1 Plaintiff. Plaintiff is a resident of Washington State. Defendant hired and/or retained Plaintiff as an hourly-paid or non-exempt employee during the relevant time period.

3.2 Defendant. Defendant is a Delaware corporation with its principal place of business in Boca Raton, Florida.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

## IV. CLASS ACTION ALLEGATIONS

4.1 Class Definition. Pursuant to Federal Rules of Civil Procedure Rule 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from May 14, 2023 to final disposition of this action.

Excluded from the Class are any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.2 Numerosity. Defendant has asserted that there are more than 662 people who meet the class definition. ECF No. 1 at p. 6.

4.3 Commonality. There are numerous questions of law and fact common to Plaintiff and the Class members. These questions include, but are not limited to, the following:

a. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a ten-minute rest break for every four hours of work;

/ / /

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

b. Whether Defendant has engaged in a common course of requiring Plaintiff and the Class members to work more than three consecutive hours without a rest break;

c. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the rest breaks to which they are entitled;

d. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work;

e. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the meal breaks to which they are entitled;

f. Whether Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked;

g. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all of the overtime wages to which they are entitled;

h. Whether Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

i. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all the wages to which they are entitled;

j. Whether Defendant failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff and the Class members;

k. Whether Defendant failed to furnish itemized pay statements to Plaintiff and the Class members;

l. Whether Defendant willfully deprived Plaintiff and the Class members of the wages to which they were entitled;

m. Whether Defendant has violated RCW 49.12.020;

n. Whether Defendant has violated WAC 296-126-092;

o. Whether Defendant has violated RCW 49.46.130;

p. Whether Defendant has violated RCW 49.46.090;

q. Whether Defendant has violated RCW 49.46.210;

r. Whether Defendant has violated RCW 49.48.010;

s. Whether Defendant has violated WAC 296-126-025;

t. Whether Defendant has violated WAC 296-128-620;

u. Whether Defendant has violated RCW 49.52.050; and

v. The nature and extent of class-wide injury and the measure of compensation for such injury.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

4.4 Typicality. Plaintiff's claims are typical of the claims of the members of the Class because Defendant employed Plaintiff as an hourly-paid or non-exempt employee in the State of Washington. The claims of Plaintiff, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

4.5 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

4.6 Predominance. Defendant has engaged in a common course of wage and hour abuse toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

4.7 Superiority. Plaintiff and the Class members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendant's records.

## V. SUMMARY OF INDIVIDUAL FACTUAL ALLEGATIONS

5.1 Defendant has engaged in, and continues to engage in, a common course of wage and hour abuse against its hourly-paid or non-exempt employees in the state of Washington.

5.2 Defendant employed Plaintiff as a Lead Phlebotomist from on or around August 15, 2022-November 29, 2024 in Defendant's facility at 2126 N. Monroe St, Spokane, Washington. Plaintiff's base wage upon hiring was $16.25 per hour.

5.3 During her employment, Plaintiff often worked opening weekday shifts starting at 5 am, working either 8- or 10-hour shifts.

5.4 Plaintiff would clock in and out using a timeclock system as provided by Defendant. When Plaintiff was able to take a meal break of any nature or duration, she would clock out for lunch and clock back in using Defendant's time clock.

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.5 Failure to Provide Rest Breaks. Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a paid ten-minute rest break for every four hours of work.

5.6 Plaintiff was constantly interrupted during her rest breaks by supervisors and other employees. And Plaintiff did not always receive rest breaks when work was particularly busy; for example, if there was a task that had a short turn-around time. Plaintiff's supervisors would not allow her to exercise breaks during busy periods at her place of employment.

5.7 Plaintiff recalls that rest break violations would become more frequent during the holiday times. For example, and without limitation, Plaintiff recalls being unable to take rest breaks in the days leading up to Christmas Eve in 2023 (i.e., during the week of December 17, 2023).

5.8 As part of her job duties, Plaintiff would also be responsible for assisting her supervisors to manage the workload of Plaintiff's proximate co-workers. In executing her duties, Plaintiff was instructed by her supervisors to delay or forgo sending those proximate co-workers on rest breaks if the shift was busy.

5.9 Plaintiff received no additional pay for missed, interrupted, or late rest breaks.

5.10 Defendant had actual or constructive knowledge of the facts set forth above.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.11 <u>Failure to Provide Meal Breaks.</u> Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work. Many of the patterns applicable to Plaintiff's rest break allegations above repeat in the context of meal breaks, and are supported by Defendant's own time records for Plaintiff.

5.11.1 *<u>Missed Meal Breaks.</u>* Like with rest breaks, Supervisors would not allow Plaintiff to take meal breaks during busy periods at her place of employment. For example, and without limitation, Defendant's time records for November 5, 2024, show Plaintiff clocking in at 5:48 am and out at 2:32 pm without clocking in or out for lunch.

5.11.2 *<u>Short and Interrupted Meal Breaks.</u>* Plaintiff was constantly interrupted during her meal breaks by supervisors and other employees, causing them to be cut short. In one such instance of an interruption, Plaintiff recalls having to rush over to assist a newer hire who was attempting to handle a patient actively squirting and spraying blood. By way of further example, and without limitation, on September 16, 2024, Defendant's time records show Plaintiff clocking in at 5:57 am, clocking out for lunch at 10:00 am, and clocking back in from lunch at 10:24 am. This represents a 24-minute lunch, which is 6-minutes shorter than required under Washington law.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.11.3 *Late Meal Breaks*. Plaintiff was instructed by supervisors to delay or forgo meal breaks if the shift was busy. For example, and without limitation, on July 11, 2023, Defendant's time records show Plaintiff clocking in at 5:51 am and clocking out for lunch at 11:34 am (5 hours and 43 minutes later).

5.11.4 *Second Meal Breaks*. Plaintiff was often denied the right to second meal periods in the same ways she was denied rights to first meal periods. For example, and without limitation, Defendant's time records for August 31, 2023 show Plaintiff clocking in 5:52 am and out at 4:20 pm (10 hours and 28 minutes) without *any* meal break, let alone a second meal break.

5.12 Defendant had actual or constructive knowledge of the facts set forth above.

5.13 Failure to Pay Minimum Wages For All Hours Worked. Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked.

5.14 Plaintiff was required to perform work while off-the-clock including calibrating medical testing machines, engaging in online training, restocking supplies, shutting down medical testing machines, and advising on managing the business lobby. These tasks were part and parcel of her job description, should have



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

been compensable work, and were conducted with direct supervisory knowledge and expectation that she perform them off-the-clock.

5.15 For example, and without limitation, Plaintiff was required by her supervisor, Kim, to come in early and finish online trainings prior to beginning her shift off-the-clock. Likewise, her supervisors would require her to restock supplies, shut down machines, or manage the lobby anywhere from 15-30 minutes off-the-clock multiple times each month, and she was instructed to do so off-the-clock by her supervisors.

5.16 Plaintiff specifically recalls being required to complete monthly and quarterly compliance trainings which were a requirement of the facility's licensing program. Accordingly, she recalls that she was required to work off-the-clock to complete those trainings during the first week of January, 2024.

5.17 Defendant had actual or constructive knowledge of the facts set forth above.

5.18 Failure to Pay All Overtime Wages Due. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

/ / /

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.19 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

5.19.1 *Unpaid Off-the-Clock Overtime* – There are work weeks wherein Defendant's time records show Plaintiff worked nearly 40 hours per week or greater than 40 hours per week but, due to the various failures to accurately capture all of Plaintiff's actual working time (as described above), she was either not paid any overtime or underpaid overtime. For example, Plainitff's additional off-the-clock work in January of 2024 would have pushed her total hours worked into overtime territory, meaning she would have been entitled to overtime premiums which she did not receive.

5.19.2 *Regular Rate* – Plaintiff was routinely working overtime as Lead Phlebotomist for Defendant. Her compensation was calculated at 1.5 her *base* rate of pay and not 1.5-times her *regular* rate of pay. For example, Plaintiff was paid overtime during the weeks of May 21, 2023 and May 28, 2023 at 1.5-times her base rate of pay (18.65/hr * 1.5 = 27.98). This is true even through plaintiff was also paid at least one other payment of a "Reward and Recognition" during those pay periods, which should have been factored into the calculation of overtime.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.20 Defendant had actual or constructive knowledge of the facts set forth above.

5.21 Failure to Accrue and Allow Use of Paid Sick Leave. Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

5.21.1 *Under-Accrual Of Leave* - For every occasion that Plaintiff had to perform work off the clock, this time was not recorded by Defendant. Due to Defendant's consistent and predictable failure to accurately record all of Plaintiff's hours of work in its timekeeping and payroll systems, as a result of the issues described above, Defendant under-accrued sick leave of its employees, including Plaintiff.

5.21.2 *Unpaid "Non-Protected Personal Illness" Absences* – Due to Defendant's under-accrual of sick leave, Defendant required employees to take absences as "unpaid" when they could have been entitled to use paid leave. For example, and without limitation, Plaintiff was issued a disciplinary action for an absence on June 16, 2023, as she called out sick but did not have sufficient paid sick leave available due to Defendant's under-accrual.

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.22 Defendant had actual or constructive knowledge of the facts set forth above.

5.23 <u>Failure to Pay All Wages Due at Termination.</u> Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all wages due at termination.

5.24 Plaintiff's last day of employment with Defendant was November 29, 2024. Plaintiff was not paid a lump sum or reconciliation up her last day of employment aside from or in addition to her usual compensation.

5.25 Because of all the above failures to accurately pay Plaintiff and members of the putative class for all hours of work in every pay period, Defendant necessarily failed to pay all wages in Plaintiff's final pay period.

5.26 Defendant had actual or constructive knowledge of the facts set forth above.

5.27 <u>Failure to Maintain Accurate Payroll Records.</u> Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3).

5.28 Each and every time that Plaintiff had to perform work off the clock, the time recorded was not correct.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.29 Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class members worked each day or the total hours they worked each week.

5.30 Defendant had actual or constructive knowledge of the facts set forth above.

## VI. CLASS FACTUAL ALLEGATIONS

6.1 Employees are required to acknowledge receipt of policies and training, including Plaintiff.

6.2 In addition to experiencing violations related to her own claims which Plaintiff experienced, Plaintiff also saw or was instructed to assist in perpetuating the same issues happening to coworkers.

6.3 Failure to provide rest breaks. Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a paid ten-minute rest break for every four hours of work.

6.4 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than three consecutive hours without a rest break.

6.5 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have taken the rest breaks to which they are entitled.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.6 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with ten-minutes additional pay and/or time worked for each missed rest break.

6.7 Plaintiff witnessed other employees having the same or similar issues as she had.

6.8 Each time an hourly-paid or non-exempt employee misses a rest break, Defendant receive the benefit of ten minutes worked without paying for the time worked.

6.9 As a result of Defendant's common course of failing to provide proper rest breaks to Plaintiff and the Class members, Defendant failed to maintain accurate records of hours worked by Plaintiff and the Class members.

6.10 Defendant had actual or constructive knowledge of the facts set forth above.

6.11 <u>Failure to provide meal breaks.</u> Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work.

6.12 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than five consecutive hours without a meal break.

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.13 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have received the meal breaks to which they are entitled.

6.14 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members are fully relieved of all work duties during their meal breaks.

6.15 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

6.16 Defendant had actual or constructive knowledge of the facts set forth above.

6.17 <u>Failure to pay minimum wages for all hours worked.</u> Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked.

6.18 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with ten minutes additional pay and/or time worked for each missed rest break.

6.19 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

6.20 Defendant had actual or constructive knowledge of the facts set forth above.

6.21 Failure to pay all overtime wages due. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

6.22 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours.

6.23 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

6.24 Defendant had actual or constructive knowledge of the facts set forth above.

6.25 Failure to accrue and allow use of paid sick leave. Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.26 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for all hours worked by Plaintiff and the Class members.

6.27 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed rest break.

6.28 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed meal break.

6.29 Defendant had actual or constructive knowledge of the facts set forth above.

6.30 <u>Failure to pay all wages due at termination.</u> Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all wages due at termination.

6.31 Defendant had actual or constructive knowledge of the facts set forth above.

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.32 Failure to maintain accurate payroll records. Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3).

6.33 Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class members worked each day or the total hours they worked each week.

6.34 Defendant had actual or constructive knowledge of the facts set forth above.

## I. FIRST CLAIM FOR RELIEF

## (Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)

1.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

1.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

1.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

1.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

1.5 WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

1.6 Under Washington law, Defendant has an obligation to provide employees with the rest breaks to which they are entitled.

1.7 Under Washington law, Defendant has an obligation to ensure that employees receive the rest breaks to which they are entitled.

1.8 Under Washington law, Defendant has an obligation to provide employees with ten minutes of additional pay for each missed rest break.

1.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

1.10 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

## II. SECOND CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)**

2.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

2.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

2.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

2.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

2.5 WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

2.6 Under Washington law, Defendant has an obligation to provide employees with the meal breaks to which they are entitled.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

2.7 Under Washington law, Defendant has an obligation to ensure that employees receive the meal breaks to which they are entitled.

2.8 Under Washington law, Defendant has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

2.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020, and WAC 296-126-092.

2.10 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## III. THIRD CLAIM FOR RELIEF

### (Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)

3.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

3.2 RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

3.3 By the actions alleged above, Defendant has violated the provision of RCW 49.46.130.

3.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## IV. FOURTH CLAIM FOR RELIEF

**(Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)**

4.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

4.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

4.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

4.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## V. FIFTH CLAIM FOR RELIEF

## (Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)

5.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

5.2 The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

5.3 Pursuant to RCW 49.46.200, Defendant must compensate Plaintiff and the Class members at their regular and normal wages.

5.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.210 and WAC 296-128-620.

5.5 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## VI. SIXTH CLAIM FOR RELIEF

### (Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)

6.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

6.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.48.010.

6.4 As a result of the unlawful acts of Defendants, Plaintiff and the Class members (but not all) who are no longer employed by Defendants have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members who are no longer employed by Defendants are entitled to the



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VII. SEVENTH CLAIM FOR RELIEF

### (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

7.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

7.3 Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

7.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

7.5 As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to recovery of



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class, pray for a judgment against Defendant, as follows:

A. Certify the proposed Class;

B. Appoint Plaintiff as Class representative;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington law;

E. Award Plaintiff and the Class members compensatory and exemplary damages;

F. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G. Award pre-judgment and post-judgment interest to Plaintiff, and the Class members, as provided by law;

/ / /

/ / /

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

H. Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 16th day of July, 2026.

**JUSTICE LAW CORPORATION**

By: /s/ *Dean Petitta*
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
Dean Petitta, WSBA #58295
Email: dpetitta@justicelawcorp.com
1215 4th Ave., Suite 1630
Seattle, Washington 98101
Telephone: (360) 207-0000
Facsimile: (818) 230-7259

*Attorneys for Plaintiff* April Woodard